■ JOSEPH E. ROGERS, as Trustee in Bankruptcy of the Estate of KENNETH C. SWEET, Bankrupt, Respondent-Appellant, v. STISSING NATIONAL BANK, Appellant-Respondent, et al., Defendants.— HERLIHY, J. The defendant bank appeals from a judgment directing that the substantial portion of the proceeds of the sale of livestock be paid to the plaintiff trustee. The plaintiff trustee appeals from that portion of the judgment granting the defendant the full amount paid for conducting the sale. The controlling issue determined by the court was that the sale of the livestock and the payment of the proceeds thereof to the bank was preferential treatment of creditors pursuant to subdivision (a) of section 60 of the Federal Bankruptcy Law. (U. S. Code, tit. 11, § 96, subd. [a].) The record demonstrates that at the time of the sale of 59 head of cattle, under and by direction of the defendant bank pursuant to a chattel mortgage, the mortgagor was hopelessly insolvent as shown by the petitions and schedules in bankruptcy dated June 7, 1960 and that the bank had reasonable cause at the time of directing the sale to believe that the said mortgagor was insolvent. It further appears that of the 59 head of cattle sold, only 6 valued at $1,305 were identifiable in accordance with the chattel mortgage, which amount the court directed be paid to the defendant. The record justifies the finding by the trial court that the transfer of the property by way of the sale was voidable, with the exception of the 6 cows heretofore mentioned, and that the proceeds of the sale became the property of the plaintiff trustee. We find no substance to the contention that a partnership existed between the mortgagor and his wife. The amount allowed for expenses of the sale should be reduced to the sum of $1,204.89, which represents the proportionate amount chargeable against the proceeds of the sale receivable by the plaintiff trustee. Judgment modified in accordance with this memorandum, and, as modified, affirmed, with costs. Settle order. Gibson, P. J., Reynolds, Taylor and Aulisi, JJ., concur.